UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL E. FRONCEK,

    Plaintiff,

v.                              Case No: 2:15-cv-458-FtM-29CM

NATIONSTAR MORTGAGE LLC and
ALBERTELLI LAW,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on review of plaintiff's Emergency Motion for Temporary Restraining Order (Doc. #2) filed on July 30, 2015. Plaintiff seeks a temporary restraining order to enjoin the foreclosure sale of his property.[1] Plaintiff contends that the sale should be cancelled because defendant Nationstar Mortgage LLC (Nationstar) obtained the judgment of foreclosure from an unspecified state court in violation of 12 C.F.R. § 1024.41(g). Plaintiff's motion must be denied because the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.

The Rooker-Feldman[2] doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal

---

[1] According to plaintiff, the foreclosure sale is currently scheduled for August 12, 2015.

[2] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

over certain matters related to previous state court litigation." Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).  Under the Rooker-Feldman doctrine, "federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."  Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009).  Accordingly, a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment if plaintiff had a reasonable opportunity to raise those claims in the state proceedings.  Goodman, 259 F.3d at 1332; Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000); Amos v. Glynn County Board of Tax Assessors, 347 F.3d 1249, 1266 n.11 (11th Cir. 2003).  A claim is inextricably intertwined with the state court adjudication when federal relief can only be predicted upon a finding that the state court was wrong.  Goodman, 259 F.3d at 1332.

Here, plaintiff's request for injunctive relief is premised on his contention that the state court erred in issuing a judgment of foreclosure.  Therefore, his claim is inextricably intertwined

with the state court proceedings.  Plaintiff contends that the Court should prevent the foreclosure sale because Nationstar failed to comply with the loss mitigation procedures set forth in the Real Estate Settlement Procedures Act (RESPA).  While the Court takes no position as to whether Nationstar's alleged RESPA violations would be sufficient grounds to prevent foreclosure, plaintiff was free to present these arguments in the state court foreclosure proceeding and there is no evidence or allegation that they were not given a reasonable opportunity to do so.  Accordingly, under the Rooker-Feldman doctrine, the Court lacks jurisdiction to consider the propriety of the state court's foreclosure order.  Therefore, plaintiff's motion for a temporary restraining order will be denied for lack of subject matter jurisdiction.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. #2) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this   3rd   day of August, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Plaintiff